Case 2:20-cv-00183   Document 22   Filed on 01/07/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HERBERT HOOVER PRATT, III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-183 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Herbert Hoover Pratt, III filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a disciplinary conviction (Case No. 20190279916) where he lost 360 days of good-time credit and received other privilege restrictions. Petitioner seeks to have this disciplinary conviction overturned and removed from his records and all punishments reversed. (D.E. 1, Page 7). On December 14, 2020, Respondent filed the pending Motion to Dismiss, which the undersigned construes as a Motion for Summary Judgment in light of the additional evidence attached to the Motion and the records referenced that were previously filed, asserting Petitioner's challenged disciplinary conviction has now been overturned, removed from his record and his good-time credit has been restored and punishment has been deleted. (D.E. 16 and D.E. 20). Respondent filed a response entitled "Petitioner's Objection to Respondent's Motion to Dismiss with Brief in Support," asserting his line class status is inconsistent with his disciplinary conviction being overturned, his disciplinary case has been overturned but

not expunged from his record, both his line level status and his disciplinary record may affect his parole eligibility and he may be charged again with the same disciplinary violation in the future. (D.E. 21).  After consideration, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 20) and this petition for writ of habeas corpus be **DISMISSED as moot** as Petitioner has now received the relief requested.

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the inmate is confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is currently incarcerated in Beeville, Texas.  Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

**II.   BACKGROUND**

In July 2019, Petitioner was found guilty in Case Number 20190279916 of introducing and possessing contraband in a correctional institution. (D.E. 1, Page 5 and D.E. 16-2, Pages 3-4, 6-8 and 19).  His punishment included (1) a loss of 360 days good time credit; (2) 45 days of recreation and cell restrictions; (3) 60 days of commissary and telephone (OTS) restrictions and (4) a line class reduction from S3 to L3. (D.E. 1, Page 5 and D.E. 16-2, Page 3).  After filing an unsuccessful TDCJ grievance, Petitioner filed this habeas petition on July 7, 2020, challenging his disciplinary conviction alleging multiple infirmities in the decision process. (D.E. 1).

**III.   SUMMARY JUDGMENT**

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).  Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion.

**IV.   DISCUSSION**

Petitioner has received the relief he was seeking in his petition and, accordingly, his grounds for relief in this action are moot.  (D.E. 20-2) (Affidavit of Program Supervisor for the Office of Disciplinary Coordination averring Disciplinary Case No. 20190279916 has been overturned with the option to be reheard, punishment deleted and 360 good-time credits restored) and (D.E. 20-3) (Disciplinary Records showing the disciplinary conviction at issue has been removed from Petitioner's record).

His petition no longer presents a live controversy.  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute

has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.")

Contrary to Petitioner's assertion, his disciplinary records show the disciplinary conviction at issue has been removed from his record. (D.E. 20-3). If a hard copy of his disciplinary conviction does remain in Petitioner's records as he alleges then, accordingly, so will a copy of the decision where his conviction was overturned. Further, while Petitioner asserts his current line class status is inconsistent with his disciplinary conviction being overturned, the Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). To the extent Petitioner asserts his line class status or his disciplinary record affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas.

*Id.* Sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). The undersigned also notes Petitioner has received a disciplinary conviction subsequent to this case. (D.E. 20-3). Finally, while charges may be reheard in this case, no rehearing has been conducted or scheduled and therefore, at this time, Petitioner's argument that a rehearing will occur and will be deficient is entirely speculative and does not present a live controversy.

## V. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 20) and this case be **DISMISSED as moot**.

Respectfully submitted this 7th day of January 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).