United States District Court
Southern District of Texas
**ENTERED**
June 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HERBERT HOOVER PRATT, III, | § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. 2:20-CV-183 |
| BOBBY LUMPKIN, | § § § |
| Respondent. | § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Petitioner Herbert Hoover Pratt, III, ("Petitioner") filed this action pursuant to 28 U.S.C. § 2254 while he was incarcerated at the McConnell Unit in Bee County, Texas challenging a disciplinary conviction and ensuing punishments including the loss of 360 days of good-time credit, a line class reduction, and other privilege restrictions (D.E. 1; D.E. 22, p. 1). Petitioner was originally seeking to have his conviction overturned and erased from his record, along with the elimination of the aforementioned punishments. (D.E. 1, p. 7). Respondent Bobby Lumpkin ("Respondent") filed a motion to dismiss asserting that the disciplinary conviction was overturned, Petitioner's record removed, and that the 360 days of good-time credits were restored. (D.E. 20). Now, Petitioner asserts that while his disciplinary conviction was overturned, the case was not deleted from his record. (D.E. 21, p. 2). Additionally, Petitioner claims that his line class reduction is inconsistent with his disciplinary case being overturned, and that along with his record may impact his eligibility for parole. *Id.*

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 22). In the M&R, Judge Libby states that Petitioner's basis for relief in the action are moot because he has already received the relief he was seeking. *Id.*

at 3; (D.E. 20-2) (Affidavit stating that the disciplinary conviction was overturned with the option to be reheard, deleted from Petitioner's disciplinary record, and all 360 good-time credits were returned); (D.E. 20-3) (Petitioner's disciplinary record demonstrating that the conviction was, in fact, removed). As a result, Petitioner "lack[s] a legally cognizable interest in the outcome" and his case no longer presents a live controversy. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See also Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action becomes moot and must be dismissed for lack of subject-matter jurisdiction."); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."). Although the disciplinary charges can be reheard, a rehearing has neither been scheduled nor conducted, so the issues are not live and are, therefore, moot. (D.E. 22, p. 5). As far as Petitioner's claim that the disciplinary conviction was not removed from his record, an examination of his record would suggest otherwise. (D.E. 20-3). Even if it were the case that the conviction was still present in Petitioner's record, it would be nullified by the inclusion of the decision where his conviction was overturned.

The M&R also addresses Petitioner's arguments regarding his line class reduction. Petitioner argues that his claim for relief is not moot because his line class reduction is inconsistent with his disciplinary case being overturned, thus raising due process concerns. (D.E. 22, p. 4–5; *see* D.E. 21, p. 2). If the changes in conditions of confinement do not present serious issues that would exceed those expected in ordinary prison life, then due process concerns are not invoked. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The changes in line class, phone privileges, and recreation time that Petitioner endured are mere changes in

confinement that do not produce hardships which exceed those expected in ordinary prison life. *See Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000).

Moreover, Petitioner's assertion that his line class change and other disciplinary sanctions impacts his ability to appear in front of the parole board is unavailing because (1) the restrictions Petitioner endured were no more than ordinary incidents of prison life and thereby not implicating the due process concerns, and (2) there is no constitutional expectancy for parole in Texas due to its speculative nature. *Madison*, 104 F.3d at 768. For these reasons, Judge Libby recommends that this Court dismiss the case as moot and grant Respondent's motion (D.E. 20; D.E. 22).

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13. Plaintiff timely filed objections to the M&R. (D.E. 23). Having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, 28 U.S.C. § 636(b)(1), the Court **OVERRULES** Plaintiff's objections. (D.E. 23). Accordingly, the Court:

(1) **ADOPTS** the M&R in its entirety. (D.E. 22).

(2) **GRANTS** Defendant Lumpkin's Motion to Dismiss. (D.E. 20).

(3) **DISMISSES as moot** the case in its entirety.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
June 24, 2021